In the Matter of MB RECYCLING UNLIMITED, INC., Petitioner, v THOMAS C. JORLING, as Commissioner of the Department of Environmental Conservation of the State of New York, Respondent. [636 NYS2d 818] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Environmental Conservation which, after a hearing, *inter alia*, directed the petitioner (1) to immediately cease all activity associated with the operation of its solid waste management facility, (2) to submit a plan for the closure of the facility, (3) to pay $10,000 to fund an environmental monitor to ensure that the facility operation has ceased and that the closure is implemented, and (4) to pay a penalty of $250,000.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs, and it is further,

Ordered that the respondent's counterclaim is severed and remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment in favor of the respondent.

After a hearing before an Administrative Law Judge (hereinafter ALJ), the Commissioner of the New York State Department of Environmental Conservation (hereinafter the DEC) determined that the petitioner was operating a solid-waste management facility without a permit (*see*, ECL 27-0703 [2]; 6 NYCRR 360-1.9). There is substantial evidence in the record to support that determination (*see*, CPLR 7804 [g]).

The petitioner argues that inspections of its facility by DEC personnel were unconstitutional searches. This assertion was expressly waived by the petitioner's counsel at the hearing before the ALJ and is, therefore, unpreserved for judicial review (see, Cibro Petroleum Prods. v Chu, 67 NY2d 806; Matherson v Marchello, 100 AD2d 233, 241, n 4). In any event, the argument is without merit. Irrespective of any purportedly unconstitutional searches of the petitioner's premises, there was ample evidence in the record to support the DEC's determination that the petitioner was operating a solid-waste management facility without a permit. On three of the five visits to the facility by DEC's employees, the petitioner's ongoing operation was clearly visible from a public street. On a fourth visit, one of the petitioner's principals consented to conduct a tour of the facility for the DEC employees. Moreover, the record is replete with admissions by principals of the petitioner to the effect that a solid-waste management facility was being operated without a permit. Thus, based on these facts, the DEC's determination is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.